## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISTRICT

Accra Shepp,                    )

                           )

            Plaintiff,         )

                           )    No.

        v.                   )

                           )

Columbia College Chicago, an Illinois  )

Not-for-Profit Corporation, and     )

Bob Thall, an individual,        )

                           )

        Defendants.       )

06CV1069
JUDGE LEINENWEBER
MAGISTRATE COLE

# FILED

FEB 2 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## Notice of Removal

TO THE CLERK OF THE ABOVED-ENTITLED COURT:

Defendant Bob Thall removes this action for all further proceedings to the United States District Court for the Northern District of Illinois from the Circuit Court of Cook County, Illinois. As grounds for removal, Defendant Thall states as follows:

1. On December 27, 2005, Plaintiff Accra Shepp filed an action in the Circuit Court of Cook County, Illinois entitled *Accra Shepp v. Columbia College and Bob Thall*, Case No. 05 L 014499 (hereafter "state court action").

2. Columbia College was served with process in the state court action on January 11, 2006; a copy of the summons and complaint in the state court action are attached as Exhibit A. On February 9, 2006, Columbia College filed a motion to extend time to answer and an appearance in the state court action.

3. At the time Columbia College filed its motion to extend time to answer, Defendant Bob Thall had not been served.

4. On February 9, 2006, Defendant Bob Thall waived service of process. Accordingly, he has thirty days from this date in which to remove this action to federal court under 28 U.S.C. §1446.

5. This notice of removal is timely under 28 U.S.C. § 1446 (b). Defendant Thall removed this case within 30 days after waiving service on February 9, 2005, and less than one year after the date on which the state court action was filed. *See* Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 752, 755-56 (8th Cir. 2001)(holding that a later-served defendants has the right to seek removal even if the removal period has expired for an earlier served defendant); Boyd v. Phoenix Funding Corp., 366 F.3d 524 (7th Cir. 2004) (remanding for further investigation but discussing Manaro's analysis approvingly).

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331, and it is properly removed under 28 U.S.C. §1441. Jurisdiction is proper under 28 U.S.C. §1331 since Plaintiff has included a claim under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. §1981 in his complaint.

7. Defendant Columbia College consents to the removal of this action.

8. Written notice of the filing of this Notice of Removal has been mailed contemporaneously to Plaintiff through his attorney of record. In addition, a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Court for the Circuit Court of Cook County, Illinois, pursuant to § 28 U.S.C. 1446 (d).

2

DATED: February 27, 2006

CONNELLY SHEEHAN HARRIS
Jacqueline J. Wade
150 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 372-1969
Facsimile: (312) 372-1968

Attorney for Defendants
COLUMBIA COLLEGE and BOB THALL

By: _____
JACQUELINE J. WADE

## Certificate of Service

I, Jacqueline J. Wade, hereby certify that I served a copy of the foregoing **Notice of**

**Removal** via first-class U.S. mail, postage prepaid, on this 27th day of February, 2006 on:

> Thomas D. Rosenwein
> Gordon, Glickman, Flesh & Rosenwein
> 140 South Dearborn Street, Suite 404
> Chicago, Illinois 60603

Jacqueline J. Wade

4

A

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served by Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS-SUMMONS |

(Rev. 12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ACCRA SHEPP,

          Plaintiff,

    v.

COLUMBIA COLLEGE CHICAGO, an Illinois
Not-for Profit Corporation, and BOB THALL,
an individual,

          Defendants.

No.

**Please Serve:**
Annice M. Kelly, Esq.
Vice President and General Counsel
Columbia College Chicago
600 South Michigan Avenue
Chicago, Illinois 60605

## SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is attached hereto, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court located in the Richard J. Daley Center, 50 West Washington Street, Room *801, Chicago, Illinois 60602, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be so endorsed. This summons may not be served later than 30 days after its date.

WITNESS............................................................., 2005

..............................................................
              Clerk of Court

Date of Service:............................................., 2005
(To be inserted by officer on copy left with defendant or other person)

| | |
|---|---|
| Name: | Thomas D. Rosenwein |
| Attorney for: | Plaintiff |
| Address: | **Gordon, Glickman, Flesch & Rosenwein** |
| | 140 South Dearborn Street, #404 |
| City: | Chicago, Illinois 60603 |
| Telephone: | (312) 346-1080 |
| Atty No. | 25630 |

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ACCRA SHEPP,

           Plaintiff,

    v.

COLUMBIA COLLEGE CHICAGO, an Illinois
Not-for Profit Corporation, and BOB THALL,
an individual,

           Defendants.

No.

**Jury Trial Demanded**

## COMPLAINT AT LAW

Plaintiff Accra Shepp ("Plaintiff"), by his attorneys, Gordon, Glickman, Flesch &
Rosenwein, for his Complaint at Law against Defendants Columbia College Chicago
(the "College") and Bob Thall ("Thall"), states as follows.

### PARTIES

1.    Plaintiff is an African-American resident of Illinois, currently residing in the City
of Chicago.

2.    Plaintiff is a well-recognized professional photographer and educator who has
exhibited internationally and taught photography at the college level for over fifteen years.

3.    Plaintiff received his BA in Art History and Studio Art from Princeton University,
and a master's degree in Art History from the Institute of Fine Arts, NYU. He has had
exhibitions at the Whitney Museum of American Art and the Brooklyn Museum of Art. He is a
1999 Fulbright Fellowship winner. His work has been exhibited throughout the world and his
photographs are included in the collections of such renowned institutions as The Museum of
Modern Art in New York City and the Museum of Fine Arts in Houston, Texas.

4.     During his career, Plaintiff has taught at the International Center of Photography, the Massachusetts College of Art, Columbia University (New York), Wellesley College and the Rhode Island School of Design.

5.     In September 2001, Plaintiff was hired by the College as a full-time faculty member with the rank of tenure-track professor in the Photography Department. The date for his application for tenured status was set for October 2006.

6.     The College is a private, not-for-profit corporation, initially incorporated in Illinois in 1928 as "Columbia College," with a principal place of business located at 600 S. Michigan Avenue, Chicago, Illinois. The College educates students in diverse field of the arts and media, offering undergraduate and graduate degree programs.

7.     Thall is a full-time faculty member and chair of the College's photography department.

### THE COLLEGE'S PROCEDURES

8.     Pursuant to its "Statement of Policy on Academic Freedom, Faculty Status, Tenure, and Due Process" (hereinafter the "Statement"), the College makes tenure-track appointments to those whom it "expects will satisfy the criteria for the grant of a Tenured appointment." Tenure-track appointments are made on an annual basis. The Statement further provides that a faculty member with a tenure-track appointment "has the right to be evaluated in accordance with the procedures and criteria set forth" in the Statement's section on evaluation.

9.     The Statement's section on evaluation contains a detailed list of requirements for the annual evaluation of tenure-track faculty. Among the requirements are, *inter alia*, the following:

-2-

a. At the conclusion of the annual evaluation process, the chair of the relevant department "shall prepare" a written report (hereinafter the "Committee Tenure-Track Report") regarding the evaluated professor, which provides an opportunity for objection to any conclusions and recommendations by the members of the particular professor's tenure-track committee and by the evaluated professor.

b. The department chair "shall" deliver the written report to the evaluated faculty member no later than the first business day of the tenth week of the fall semester.

c. The tenure-track committee is charged with being "constructive and candid in its interactions with the faulty member being evaluated and in its preparation of the Committee Tenure-Track Report."

d. The tenure-track committee is to "offer appropriate support and encouragement to the faculty member in realizing his or her professional potential." If there are areas of improvement indicated, those areas are to be identified "and a time period within which such improvement should be demonstrated."

e. The Committee Tenure-Track Report prepared by the department chair is submitted to the dean and then to the provost for decision on contract renewal.

f. Any College decision not to renew a tenure-track appointment is subject to challenge and review in accordance with established procedures based, *inter alia,* on "material, prejudicial deviations from the procedures established by the Statement."

## PLAINTIFF'S 2002 AND 2003 EVALUATIONS

10. In his first two annual evaluations, Plaintiff was rated highly in the areas of teaching, professional activity and service, which are the three contractually designated areas for faculty evaluation. His teaching was characterized as showing "real dedication to his students"

-3-

and demonstrating "a great deal of energy and ingenuity." His accomplishments in the area of professional activity were praised, and his service recognized as valuable. These conclusions were contained in his 2002 annual evaluation, and continued in his subsequent annual evaluations.

11.     In his November 2003 evaluation, it was noted that he had made "great progress" in addressing the areas upon which his prior annual evaluation committee had requested that he focus. The 2003 evaluation also noted that "Professor Shepp meets the standards we have set in our department" in the areas of teaching, professional activity and service. The 2003 evaluation noted no areas of improvement and provided no time periods for improvement.

## PLAINTIFF'S 2004 EVALUATION

12.     In September 2004, well prior to Plaintiff's scheduled annual evaluation and the promulgation of his annual Tenure-Track Report, the photography department chair, Thall, without consultation with the tenure-track committee or with Plaintiff, secretly met with the College's dean and provost in an effort to devise a pretext for not renewing Plaintiff's annual contract.

13.     Thall recognized that Plaintiff had met the standards for contract renewal in the areas of teaching, professional activity and service. Accordingly, he determined to find another basis for urging non-renewal. He decided upon the notion of "poor academic fit." Thall then lobbied the dean and provost to agree to non-renewal of Plaintiff's contract on such basis, contending that "poor fit" best described Plaintiff's alleged problems.

14.     Thall seized upon "poor academic fit" because a section of the Statement provides that non-renewal of a tenure-track appointment can include such matters as "academic need and fit, institutional policy and objectives, and financial condition and priorities."

15. However, the Statement defines these terms by reference to specific examples that contemplate: "(a) change or contemplated change in the direction, objectives, or content of the curriculum of the College as a whole of a specific department; (b) decline in student enrollment in the College or department; and (c) the inappropriateness, as determined by the College, of further tenure-track appointments." In fact, there has not been a change in curriculum of the College or department, no decline in enrollment and no decision to cease making tenure-track appointments.

16. After meeting with the dean and provost, and obtaining their consent to his scheme to deny Plaintiff renewal of his contract, Thall authored the December 13, 2004 Committee Tenure-Track Report for Plaintiff and submitted it to the dean. That report recommended non-renewal of Plaintiff's annual contract on the basis of "lack of fit," supported by false statements regarding Plaintiff's abilities and conduct.

17. Both the dean and provost concurred in the recommendation of non-renewal contained in the December 13, 2004 Committee Tenure-Track Report for Plaintiff.

18. Pursuant to the College's procedures, Plaintiff appealed his non-renewal to the appeals committee known as the Elected Representatives to the College ("ERC"). After four meetings, two of which included oral testimony by Plaintiff and two of which included oral testimony from members of the tenure track committee and other colleagues from the photography department, the ERC found the decision of non-renewal was improper. Specifically, the ERC found:

   a.    that Thall's secret communications with the dean and provost violated the requirements of transparency contained in the College's procedures for evaluating

candidates and provided the opportunity to prejudice the dean's and/or provost's decision on Plaintiff's contract renewal;

b.      that Plaintiff had not been advised of areas for improvement and was not mentored as to such, if any "areas of improvement" in fact existed;

c.      that neither the tenure track committee nor Plaintiff had been given the opportunity to respond to the Committee Tenure-Track Report prior to submission to the dean;

d.      that the Committee Tenure-Track Report for Plaintiff was submitted out of time from the requirements of the College's own procedures; and

e.      the Committee Tenure-Track Report for Plaintiff did not reflect the vote of the tenure track committee or whether there was any agreement or disagreement with the contents of that Report.

19.     The ERC urged the College President, the ultimate decision-maker on contract renewals, to reconsider the decision and to afford Plaintiff the opportunities to succeed in the areas for which he was hired.

20.     However, on June 3, 2005, the College President perfunctorily affirmed the decision of non-renewal without commenting on the findings of the ERC. As a result, Plaintiff is no longer employed at the College.

21.     By denying Plaintiff renewal of his tenure-track appointment, the College prevented Plaintiff from applying for tenure in the fall of 2006, which tenure would have been granted based upon Plaintiff's accomplishments in the designated areas of teaching, professional activity and service. A tenured appointment at the College is in effect for five years, at which time it is reviewed for consideration of an additional five year term.

-6-

## COUNT I
### BREACH OF CONTRACT (COLLEGE)

1-21. Plaintiff hereby realleges and incorporates by reference paragraphs 1-21 above as paragraphs 1-21 of this Count I.

22. Contrary to the mandatory language of the Statement, the College did not follow the faculty evaluation procedures with respect to Plaintiff.

23. Instead, the College conducted a sham performance review of Plaintiff, intended to provide a pretext for non-renewal and for no other purpose.

24. The College's failure to follow its own contractual faculty evaluation procedures constitutes a breach of contract.

25. Plaintiff fully performed his obligations under his contract.

**WHEREFORE**, Plaintiff Accra Shepp prays that this Honorable Court enter an order of judgment:

A. finding in favor of Plaintiff in an amount to be determined at trial, but in an amount not less than $557,000;

B. attorneys' fee and costs; and

C. such other relief as this Court deems just and proper.

## COUNT II
### NEGLIGENT MISREPRESENTATION (COLLEGE)

1-25. Plaintiff hereby realleges and incorporates by reference paragraphs 1-21 above as paragraphs 1-25 of this Count I.

26. The College's Statement of Policy on Academic Freedom, Faculty Status, Tenure, and Due Process, as it pertains to faculty members with a tenure-track appointment, constitutes a

false statement of material fact, in that the College does not intend and did not follow the policy in evaluating Plaintiff.

27.     The College's Statement was promulgated Plaintiff through carelessness or negligence in ascertaining the truth of the representations made in the Statement.

28.     The College intended to induce Plaintiff to apply, obtain and continue his employment at the College by promulgating its Statement.

29.     Plaintiff relied upon the truth of the representations in the Statement in applying for, obtaining and continuing his employment at the College.

30.     Plaintiff has suffered damage resulting from his reliance on the College's Statement, including the representation therein that he "has the right to be evaluated in accordance with the procedures and criteria set forth" in the Statement's section on evaluation.

31.     The College had a duty to Plaintiff to communicate accurate information about its evaluation process but failed to do so.

**WHEREFORE,** Plaintiff Accra Shepp prays that this Honorable Court enter an order of judgment:

A.     finding in favor of Plaintiff in an amount to be determined at trial, but in an amount not less than $557,000;

B.     attorneys' fee and costs; and

C.     such other relief as this Court deems just and proper.

## COUNT III
### FRAUDULENT MISREPRESENTATION (COLLEGE)

1-31.   Plaintiff   hereby   realleges   and   incorporates   by   reference paragraphs 1-20, 26, 28-30 above, as paragraphs 1-31 of this Count I.

-8-

32. The College knew of the falsity of the College's Statement with regard to the actual process used to evaluate tenure-track faculty.

33. The College intended to induce Plaintiff to apply, obtain and continue his employment at the College by promulgating its Statement.

34. Plaintiff relied upon the truth of the representations in the Statement in applying for, obtaining and continuing his employment at the College.

35. Plaintiff has suffered damage resulting from his reliance on the College's Statement, including the representation therein that he "has the right to be evaluated in accordance with the procedures and criteria set forth" in the Statement's section on evaluation.

**WHEREFORE**, Plaintiff Accra Shepp prays that this Honorable Court enter an order of judgment:

A. finding in favor of Plaintiff in an amount to be determined at trial, but in an amount not less than $557,000;

B. attorneys' fee and costs;

C. punitive damages in the amount of $750,000; and

D. such other relief as this Court deems just and proper.

## COUNT IV
### INTERFERENCE WITH CONTRACT (THALL)

1-35. Plaintiff hereby realleges and incorporates by reference paragraphs 1-21 above, as paragraphs 1-35 of this Count IV.

36. Plaintiff had a valid and enforceable contract with the College.

37. Thall was aware of the contract between the College and Plaintiff, and specifically of the criteria for renewal and tenure set forth in said contract.

38.     Thall intentionally induced the College to breach its contract with Plaintiff by his secret communications with the dean and provost, designed to enlist support for using the improper category of "lack of fit" to deny Plaintiff his final contact renewal prior to his tenure decision.

39.     Thall was not privileged to induce the breach of contract, as his secret communications with the dean and provost (a) was in violation of the requirements of transparency contained in the College's procedures for evaluating candidates, (b) provided the opportunity to prejudice the dean's and/or provost's decision on Plaintiff's contract renewal and (c) was not in accordance with the criteria for decision for contract renewal.

40.     Plaintiff has suffered damage as a result of the breach, in that he is no longer employed at the College and has been denied the opportunity to obtain tenure there.

**WHEREFORE**, Plaintiff Accra Shepp prays that this Honorable Court enter an order of judgment:

A.      finding in favor of Plaintiff in an amount to be determined at trial, but in an amount not less than $557,000;

B.      attorneys' fee and costs;

C.      punitive damages in the amount of $750,000; and

D.      such other relief as this Court deems just and proper.

## COUNT V
## DISCRIMINATION ON THE BASIS OF RACE (COLLEGE)

1-40.   Plaintiff hereby realleges and incorporates by reference paragraphs 1-24 above, as paragraphs 1-40 of this Count V.

41.     This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. §1981, which, *inter alia*, prohibit discrimination in employment on the basis of race.

42.     More than sixty days prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the EEOC. Thereafter, on October 5, 2005, the District Director of the EEOC issued the "right to sue" letter to Plaintiff, notifying him of his right to pursue his claim of discrimination by private legal action. A copy of that letter is attached hereto as Exhibit "A."

43.     During Plaintiff's employment at the College's, there are approximately seventy professors in the photography department, thirteen of whom were full-time. Plaintiff was one of only two African-American full time professors. Of the remaining part-time or adjunct professors, only one is African-American.

44.     Since Thall has been chair of the photography department, there have been four new hires, and none have been minorities.

45.     Thall participated in the decision to initially hire Plaintiff, but had supported another candidate (non-African-American). When the consensus of the search committee was otherwise unanimous in selecting Plaintiff, Thall was forced to acquiesce in the decision.

46.     Thall criticized Plaintiff for working with African-American youth on the West Side of Chicago through the office of community arts partnership. However, a non-African-American professor in the photography department who performed similar service to the community through work with a predominately Latino school was not criticized for such community involvement.

47.     Thall recommended and the College accepted that Plaintiff should be dismissed because of "lack of fit," which is a code phrase for Plaintiff being an African-American in excess

-11-

of the number of minority professors that Thall and the College were willing to tolerate in the school.

48.     Non-African-Americans with similar or less accomplishments than Plaintiff in the areas of teaching, professional activity and service have been granted contract renewals and tenure.

49.     The performance review of Plaintiff by the College was a sham review, intended to provide a pretext for non-renewal and for no other purpose.

50.     The College intentionally discriminated against Plaintiff in refusing to renew his employment contract.

**WHEREFORE,** Plaintiff Accra Shepp prays that this Honorable Court enter an order of judgment:

A.      This Court find that Columbia engaged in intentional conduct in violation of 42 U.S.C. §1981;

B.      This Court order Columbia to cease and desist from further violations of 42 U.S.C. §1981, now and in the future;

C.      Award actual damages in an amount to be proven at trial, but no less than $557,000;

D.      Award compensatory damages in an amount to be proven at trial, but not less than $50,000;

E.      Award punitive damages in the amount of $1,000,000;

F.      Attorneys fees and costs; and

G.      Such further relief as this Court deems just.

-12-

**ACCRA SHEPP**

Dated: _____12/22/05_____          By: _____
                                        One of His Attorneys

Thomas D. Rosenwein (#25630)
**Gordon, Glickman, Flesch & Rosenwein**
140 South Dearborn Street, Suite 404
Chicago, IL 60603
(312) 346-1080

-13-

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

| To: Accra Shepp<br>125 S. Racine Ave.<br>Chicago, IL 60607<br>Cert. No.: 7001 1940 0003 8829 3371 | From: Equal Employment Opportunity Commission<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661 |
|---|---|

[      ] *On behalf of a person aggrieved whose identity is*
       *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>210-2005-08456 | EEOC Representative<br>Regina Husar, Enforcement Supervisor | Telephone No.<br>(312) 353-0819 |
|---|---|---|

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[      ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[      ] Respondent employs less than the required number of employees.

[      ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[      ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[      ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[      ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[  X  ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[      ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

[  X  ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise your right to sue is lost.

[      ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise your right to sue is lost.

[      ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

October 5, 2005 _____          John P. Rowe _____

John P. Rowe, District Director

Enclosures
   Information Sheets
   Copy of Charge
cc: Respondent(s)          Columbia College



**EXHIBIT**

A

EEOC Form 161 (Test 5/95)

B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Accra Shepp,                                )
                                            )
                  Plaintiff,                )
                                            )          No.  Case No. 05 L 014499
        v.                                  )
                                            )          Hon. Alan S. Goldberg
Columbia College Chicago, an Illinois       )
Not-for-Profit Corporation, and             )
Bob Thall, an individual,                   )
                                            )
                  Defendants.               )

NOTICE TO STATE COURT OF
FILING OF NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

On February 27, 2006, defendant Bob Thall filed a Notice of Removal of the

above-captioned action -- pursuant to 28 U.S.C. §§ 1331 and 1441 -- in the United States

District Court for the Northern District of Illinois, a true and correct copy of which is

attached hereto.

DATED: February 27, 2006
————————

CONNELLY SHEEHAN HARRIS
Jacqueline J. Wade
150 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 372-1969
Facsimile: (312) 372-1968


Attorney for Defendants
Bob Thall and Columbia College


By: _____
JACQUELINE J. WADE