IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ACCRA SHEPP,

          Plaintiff,

v.

COLUMBIA COLLEGE CHICAGO, an
Illinois Not-for-Profit, and
BOB THALL, an individual,

          Defendants.

Case No. 06 C 1069

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Accra Shepp's (hereinafter, "Shepp") Motion to Remand this action to the Circuit Court of Cook County. Shepp argues that removal was improper because Defendant Bob Thall (hereinafter, "Thall") was not subject to any federal claims and his removal was untimely. For the following reasons, Shepp's motion to remand is **granted**.

### I.  BACKGROUND

Shepp originally brought this action in the Circuit Court of Cook County on December 27, 2005. In his complaint, Shepp alleged five counts: breach of contract (Count I); negligent misrepresentation (Count II); fraudulent misrepresentation (Count III); interference with contract (Count IV); and discrimination on the basis of race (Count V). Counts I-III and V were alleged against Defendant Columbia College Chicago

(hereinafter, "Columbia"). Thall was sued only on Count IV, interference with contract.

Columbia was served with process on January 11, 2006. On February 9, 2006, Columbia filed a motion to extend its time to answer and Thall waived service of process. On February 27, 2006, Thall filed a notice of removal to federal court under 28 U.S.C. § 1441.

## Ii. **DISCUSSION**

Section 1441(a) permits a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Thall, as the removing party, bears the burden of showing that the removal jurisdiction is proper and "must present evidence of federal jurisdiction once the existence is fairly cast into doubt." In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997).

Citing Regalado v. City of Chicago, 946 F.Supp. 560 (N.D. Ill. 1996), Shepp argues that removal was foreclosed because Thall had only one state law claim directed at him. In Regalado, the City of Chicago was one of three defendants. Id. at 561. Although the City was the subject of only state law claims, it filed a notice of removal. Id. The district court held that because the City had

not been sued for any federal statutory violation, it could not remove. *Id.* at 562-63.

Thall contends that a defendant not named in a federal count may remove the case. He fails, however, to offer any case law from this district in support of his position. Instead, Thall cites a case from the Eastern District of Pennsylvania, *Cartwright v. Thomas Jefferson Univ. Hospital*, 99 F. Supp. 2d 550 (E.D. Pa. 2000). In *Cartwright,* the removing defendant was the first and only party served. Despite that the defendant was sued solely on state law claims, the court allowed the defendant to remove, reasoning that a contrary rule would have permitted the plaintiff "to defeat removal by the simple gambit of manipulating the order of service of process on various defendants." 99 F. Supp. 2d at 553. In this case, Columbia, the defendant subject to federal law claims, was served first but failed to file a notice of removal within the thirty day period. Thus, the concerns present in *Cartwright* do not exist in this case.

Thall also cites *Exxon Mobil Corp. v. Allapattah Services, Inc.* in support of his position. 125 S. Ct. 2611, 2615 (2005). In *Allapattah*, the Supreme Court upheld the plaintiffs' right to sue in federal court when some but not all of the plaintiffs alleged a sufficient amount in controversy. It did not address removal and is not relevant to this case.

*Regalado* is directly on point. Thall is not subject to any federal claims and thus had no right to initiate removal proceedings. *Regalado*, 946 F. Supp. at 562. The case must be remanded to the Circuit Court of Cook County.

Shepp also contends that the removal petition was untimely because courts within this district follow the "first served defendant" rule. Under the first served defendant rule, the thirty day period to remove begins to run when the first defendant has been served and the failure of any party to file a notice of removal within that thirty days precludes removal for all defendants. *See Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 933-34 (N.D. Ill. 2000).

Thall argues that this court should adopt the later served defendant rule, under which each defendant has his own thirty day period during which to remove the action to federal court. Thall contends that the first served defendant rule has been implicitly overruled by the Seventh Circuit in *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524 (7th Cir. 2004). Contrary to Thall's assertions, the Seventh Circuit recognized that the issue was one of first impression, but did not discuss or overturn the first served defendant rule. *Id.* at 530. Therefore, the first served defendant rule remains law in this district. *Phoenix Container, L.P.*, 83 F. Supp. 2d at 933; *Runge v. Maffel*, No. 96 C 1666, 1996 WL 164383, at

*2 (N.D. Ill. 1996). Accordingly, Thall's notice of removal was untimely. The thirty days for Columbia to remove the case lapsed on February 10, 2006.

### III. CONCLUSION

For the reasons stated herein, Shepp's Motion to Remand is **GRANTED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Dated: April 27, 2006